IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WILFRIEDA VLEUGELS, )
)
           Plaintiff, )
)
      v. )      C.A. No. N17C-10-322 CEB
)
SHAWN L. SAMUELS, CHARLES )
T. ARMBRUSTER, as Administrator )
Of Duane Swartzentruber, and )
PROFRESSIVE NORTHERN )
INSURANCE COMPANY, )
)
         Defendants. )

**ORDER**

And now, this 3rd day of November, 2021, in consideration of the motion of Defendant Shawn Samuels ("Samuels") for summary judgment as well as the separate motion of Progressive Northern Insurance Company ("Progressive") for summary judgment, the Court makes the following findings and conclusions:

1.     This is a lawsuit over a multi car accident on northbound Route 1 in Sussex County. Plaintiff stopped on the roadway, the car behind her, driven by defendant Samuels stopped in time, but a third car driven by Charles Swartzentruber failed to stop in time. The Swartzentruber car struck the Samuels car, which then lurched forward and struck the Plaintiff's vehicle, causing injury.

2.     Plaintiff has also sued Progressive, her auto insurer, claiming Uninsured Motorist ("UM") coverage because she was forced to stop suddenly on the roadway due to the sudden stop of a "phantom driver" that drove from the scene.

3.     Defendant Samuels, in vehicle number 2, has moved for summary judgment, arguing there is no evidence he was negligent. No party, including

Progressive, has argued otherwise, all parties notifying the Court that they take "no position" on Samuels' motion, which will therefore be granted in the absence of any opposition – or evidence of negligence.

4. We turn then to the claims of Progressive, the UM carrier. As the Uninsured Motorist carrier, Progressive stands in the shoes of the phantom driver and must compensate the Plaintiff to the extent the phantom driver is liable to Plaintiff for the accident. Progressive argues, however, that Plaintiff has told so many versions of why she stopped on the roadway that her occasional suggestion that there was a phantom vehicle in front of her should be discounted completely.

5. Progressive's motion is more than superficial. Plaintiff at different times told her insurer various versions of why she stopped on Route 1. There was a blinking yellow light that she mistook for a full traffic light that, when yellow, was about to turn red. There was a construction in the area, and traffic was being routed funneled down to one lane.

6. There was an independent, third party witness to the accident. That witness has testified that Ms. Vleugels stopped suddenly and without warning – there was no "phantom driver" in front of her that caused her to stop.

7. Mr. Samuels, the operator of car number 2, testified that he could see ahead of both his own car and Ms. Vleugels' car and there was no car in front of Ms. Vleugels that would have caused her to come to a sudden stop as she did.

8. The Court does not sit as a finder of fact on summary judgment. On this record, the Court cannot say there was (or was not) a phantom driver. Nor can the Court say the phantom driver was (or was not) the cause of the accident.

9. Progressive has strong arguments that there either was no phantom driver or, if there was, the phantom driver was not the cause of the accident. But the Court is the wrong audience to convince. A jury must determine the truth of whether there was a phantom driver and whether the phantom driver caused the accident.

2

10.     The Court having concluded that there are issues of material fact that must be resolved therefore denies Progressive's motion for summary judgment.

The Motion of Shawn Samuels for Summary Judgement is hereby **GRANTED.**   The Motion of Progressive Northern Insurance Company for Summary Judgment is hereby **DENIED.**

**IT IS SO ORDERED**.


Resident Judge Charles E. Butler